IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**SHERRILL SABO,**

    **Plaintiff,**

**v.**

**DENNIS TECHNOLOGIES, LLC, and
MICHAEL DENNIS**

    **Defendants/ Third-Party Planitiffs,**

**v.**

**SPRINT NEXTEL CORPORATION, f/k/a
Sprint Corporation, f/k/a United Utilities, Inc.,
and NEXTEL RETAIL STORES, LLC,**

    **Third-Party Defendants.**    **Case No. 07-cv-283-DRH**

## ORDER

**HERNDON, District Judge:**

In this Order, the Court raises *sua sponte* the issue of whether it has subject matter jurisdiction over this case. **See *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir. 1986)("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *McCready v. White,* 417 F.3d 700, 702 (7th**

**Cir. 2005)("Ensuring the existence of subject matter jurisdiction is the court's first duty in every lawsuit.")**. Third-party defendants Sprint and Nextel ("Sprint Nextel") have removed this case (Doc. 2), pursuant to **28 U.S.C. § 1332**. Although there is not complete diversity between the parties (Plaintiff and Defendants are all considered Illinois citizens). Sprint Nextel asserts that its removal is proper based upon the grounds of either fraudulent joinder or fraudulent misjoinder. Sprint Nextel believes because Plaintiff's suit, Defendant's Answer & Third-Party Complaint, and Defendant's Motion for Preliminary Injunction against Sprint Nextel were filed in the Circuit Court of Madison County, Illinois, on the *same day*, there is evidence these filings were "carefully orchestrated and collusive" (Doc. 2, p. 7). Further, Sprint Nextel believes Defendants' Third-Party Complaint against it is improper under both **Federal Rule of Civil Procedure 14(a)** and **735 ILL. COMP. STAT. 5/2-406** as it "fails to plead any facts, causes of action, or theories demonstrating any connection to or relationship with [Plaintiff's] Illinois State Court Complaint" (*Id*. at 6). Thus, it appears Sprint Nextel claims Plaintiff, acting in collusion with Defendants, filed her anchoring claim against Defendants solely for the purposes of destroying diversity, thereby allowing Defendants to make Sprint Nextel a party to an action it could not remove to federal court. In other words, Plaintiff's suit is merely a red herring.

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only

function remaining to the court is that of announcing the fact and dismissing the cause." ***Ex parte McCardle*, 7 Wall. 506, 514 19 L. Ed. 264 (1868); *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998)**. In fact, federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. ***See Kreuger v. Cartwright*, 996 F.2d 928, 930-31 (7th Cir. 1993)**; ***Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986)**. Moreover, the party invoking federal jurisdiction bears the burden of demonstrating that the jurisdictional requirements have been met. ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).**

For the Court to properly determine whether it has subject matter jurisdiction over this case, further briefings from the parties are now required. Therefore, the Court **ORDERS** each party to submit a **JURISDICTIONAL MEMORANDUM** on or before **April 30, 2007**, consisting of no more than 15 pages (excluding signature page and/or certificate of service). Specifically, the parties should brief the issue of whether Defendants' Third-Party Complaint against Sprint Nextel is proper and also the issue of fraudulent joinder/fraudulent misjoinder (the Court would be particularly interested in any legal authority addressing removal by

third parties, if such authority exists).[1]

**IT IS SO ORDERED**.

Signed this 20th day of April, 2007.

/s/          David    RHerndon
**United States District Judge**

---

[1] The Court has reviewed Sprint Nextel's legal argument in this regard from its Notice of Removal (Doc. 2), but hopes further briefing by all parties will serve to flesh out the necessary factual information needed for the Court to resolve the jurisdictional issue.